IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHELE N. STILES, individually and
as Administratrix of the
ESTATE OF TIMOTHY LEE STILES,**

      **Plaintiff,**

v.

**MOUNTAIN STATE CARBON, LLC and
AK STEEL CORPORATION,**

      **Defendants.**

Civil Action No.: 5:20-CV-178
Judge: Bailey

ELECTRONICALLY FILED
Aug 20 2020
U.S. DISTRICT COURT
Northern District of WV

## COMPLAINT

**COMES NOW** Plaintiff Michele N. Stiles, as Administratrix of the Estate of Timothy Lee Stiles and, for her *Complaint* against Defendants, alleges as follows:

### PARTIES

1.    Plaintiff Michele N. Stiles, individually and in her capacity as the Administratrix of the Estate of Timothy Lee Stiles, is, and at all times relevant herein was, a resident and citizen of Hancock County, West Virginia. Plaintiff is the surviving spouse of Timothy Lee Stiles, a resident of Hancock County, West Virginia, who died on September 3, 2018 while in the employ of Defendant Mountain State Carbon, LLC. Plaintiff was duly appointed as Administratrix of the Estate of Timothy Lee Stiles by the County Commission of Hancock County, West Virginia on December 20, 2018. *See* **Exhibit A**.

2.    Defendant Mountain State Carbon, LLC ("MSC") is a manager-managed Delaware Limited Liability Company with managers residing in the State of Ohio. At all relevant times herein, MSC operated a coke plant in located at 1851 Main Street, Follansbee, West Virginia 26037, producing furnace coke, foundry coke and coke breeze/fractions. As such,

MSC is, and at all times relevant herein was, subject to the jurisdiction of the federal Occupational Safety and Health Administration (hereinafter "OSHA") and was responsible for compliance with all applicable OSHA rules and regulations in connection with construction operations. Additionally, MSC has voluntarily bound itself to compliance with ANSI, ISO and ASQ standards as an ISO 9001:2015 registered manufacturer of coke products since 2007. *See Certificate of Registration*, attached hereto as **Exhibit B**.

3. Defendant AK Steel Corporation ("AK Steel") is a Delaware corporation with its principal place of business located at 9227 Centre Pointe Drive, West Chester, Ohio 45069. AK Steel is in the business of primary metal manufacturing, with a focus on iron and steel mills and ferroalloy manufacturing and, at all times relevant herein, was the parent corporation of MSC. At all relevant times, AK Steel was subject to OSHA's jurisdiction and was responsible for compliance with all applicable OSHA rules and regulations in connection with its operations. Finally, AK Steel is a member of the American Iron and Steel Institute ("AISI").

## JURISDICTION and VENUE

4. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 in that the amount in controversy exceeds $75,000.00, exclusive of costs and interest, and involves citizens of different states.

5. Venue is proper in the United States District Court for the Northern District of West Virginia pursuant to 28 U.S.C. § 1391(a) as a substantial portion of the events giving rise to the claims herein took place in Brooke County, West Virginia, which is within the judicial district of this Court.

**FACTS**

6. Decedent Timothy Lee Stiles was, at the time of his death, a 58-year-old bench hand at MSC's Follansbee, West Virginia coke plant. As of the date of his death, September 3, 2018, Mr. Stiles had a single full day of job experience.

7. As a bench hand, Mr. Stiles' job duties included cleaning up spilled coke that had fallen onto the concrete bench outside the ovens by himself. This task was performed in extreme heat, well above 100 degrees Fahrenheit, as the temperature on September 3, 2018 at the time of this incident was approximately 91.0 degrees Fahrenheit and the coke overs create a heat exposure up to 17 degrees hotter than the surrounding weather conditions.

8. Due to the hazard of extreme heat, MSC maintained, but did not follow, a heat stress program. The heat stress program required the acclimatization of new workers, which mandates conditioning new workers to working in hot environments by having them start slowly and allowing the body to adjust for at least a few days. MSC also issued hydration tracking cards which were supposed to be checked by management "periodically" to ensure that employees are consuming enough fluids.

9. On September 3, 2018, Mr. Stiles began his second day on the job as a bench hand for MSC at approximately 6:00 a.m.

10. Mr. Stiles consumed water and sports drinks regularly throughout the day until 12:15 p.m., at which point his hydration tracking card shows no additional hydration. Upon information and belief, no one checked Mr. Stiles' hydration card to verify that he was consuming the proper amount of fluids.

11. Furthermore, given that it was his second day on the job, Mr. Stiles had not been acclimatized to the heat of his new working environment, having only been working a single day

at MSC. Despite having been on the job for only one full day, Mr. Stiles was sent to perform hazardous work in extreme heat by himself, with no method of communication; specifically, he was sent to clean up after the next to last oven push on his shift. In doing so, MSC violated its own heat stress program's acclimatization requirements, itself a violation of OSHA standards as well.

12. Mr. Stiles did not return from this work, prompting his shift supervisor to try and locate him. Mr. Stiles was discovered at approximately 2:40 p.m. laying on a pile of coke, unconscious. He never regained consciousness or a heartbeat, being pronounced dead at 3:25 p.m. that day.

13. Mr. Stiles' cause of death is identified as being caused by, in whole or in part, "Environmental heat exposure."

14. Upon investigation, OSHA concluded that employees of MSC "are not closely monitored to verify employees are taking in proper amounts of fluids" noting that "[h]ydration cards should be assessed at least hourly to ensure proper fluid intake."

15. As a direct and proximate result of Defendants' acts and/or omissions which caused Mr. Stiles' wrongful death on September 3, 2018, Defendants are liable to Plaintiff for all damages, including but not limited to:

    a. damages for Mr. Stiles' pain and suffering pursuant to W. Va. Code § 55-7-8;

    b. sorrow, mental anguish, and solace which may include Mr. Stiles' society, companionship, comfort, guidance, kindly offices and advice;

    c. compensation for Mr. Stiles' reasonably expected loss of income and earning capacity;

    d. compensation for Mr. Stiles' reasonably expected services, protection, care and assistance;

  e. reasonable funeral expenses; and,

  f. other expenses incurred as a result of Mr. Stiles' wrongful death.

## COUNT I
### (Deliberate Intent – Mountain State Carbon, LLC)

16. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 15 of this Complaint as if set forth herein verbatim.

17. On and prior to October 23, 2017, MSC violated W. Va. Code § 23-4-2(d)(2)(B), in that:

  (i) a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;
  (ii) MSC, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition;
  (iii) the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer which rules, regulations and standards were specifically applicable to the work and working condition involved, and were intended to address the specific hazard(s) presented by the alleged specific unsafe working condition;[1]
  (iv) notwithstanding the existence of the facts set forth in subparagraphs (i) through (iii), inclusive, of this paragraph, MSC nevertheless intentionally thereafter exposed Mr. Stiles to the specific unsafe working condition; and
  (v) Mr. Stiles suffered a serious compensable death as defined in section one, article four, chapter twenty-three as a direct and proximate result of the specific unsafe working condition.

---

[1] As it pertains to the alleged violations upon which plaintiff avers will prove element (c) of his claim, please see the verified statement of James McIntosh, an OSHA safety standards expert with over 30 years of knowledge and expertise of the workplace safety statutes, rules, regulations and consensus industry safety standards, attached hereto as **Exhibit C**. Mr. McIntosh's statement contains and describes (1) his knowledge and expertise of the applicable workplace safety statutes, rules, regulations and/or written consensus industry safety standards; (2) The specific unsafe working condition(s) that were the cause of the injury that is the basis of the complaint; and (3) The specific statutes, rules, regulations or written consensus industry safety standards violated by PAS that are directly related to the specific unsafe working conditions.

18.     As a direct and proximate result of MSC's actions and omissions on and prior to September 3, 2018, Mr. Stiles suffered a compensable death, experienced pre-death pain, suffering, impairment, and mental anguish, and the Estate of Timothy Lee Stiles and its beneficiaries suffered losses as set forth in West Virginia's Wrongful Death Act, West Virginia Code § 55-7-6(c)(1) and (2).

## COUNT II
### (Negligence – AK Steel Corporation)

19.     Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 18 of this Complaint as if set forth herein verbatim.

20.     As the owner of, and parent entity to, MSC, AK Steel voluntarily developed and implemented and more importantly monitored compliance with a safety program for its subsidiary MSC which included a heat stress program.  By voluntarily rendering this service to MSC, AK Steel assumed a duty to act with reasonable care in adequately monitoring and requiring compliance with OSHA, NIOSH and its own developed safety programs and policies.  Specifically, AK Steel owed a duty to ensure that MSC followed federal regulations and its own heat stress program standards, as well as applicable NIOSH standards.  In fact, AK Steel is a member of the American Iron and Steel Institute which has adopted in written form for its industry the very heat stress program in AK Steel's safety program required to be followed at MSC.

21.     AK Steel, through press releases and its website, routinely admitted that it required MSC to follow AK Steel's safety program and OSHA regulations, monitored MSC's compliance with the AK Steel's safety program and OSHA regulations, and in fact took credit for MSC's compliance with its safety programs and OSHA regulations the workplace.  Finally,

on the MSC section of the AK Steel website, the safety tab for MSC directs the reader to the AK Steel safety page.

22. Furthermore, upon information and belief, AK Steel maintained active control of MSC, listing MSC as an location under the AK Steel umbrella on its website and negotiated the collective bargaining agreement under which labor worked in the plant.

23. AK Steel breached the duties it owed by:

    a. Failing to develop, adopt and implement proper auditing and monitoring of Mountain State's use of the heat stress program in a reasonably prudent manner;

    b. Failing to audit Mountain State's compliance with the heat stress program in a reasonably prudent manner; that proper hydration checks were completed;

    c. Failing to establish the effective implementation and supervision of the heat stress program in a reasonably prudent manner;

    d. Failing to ensure that an appropriate "buddy" system was in place at Mountain State so that MSC workers were not placed in hazardous situations by themselves;

    e. Failing to ensure that the acclimatization program at Mountain State was adhered to, despite having extensive experience with heat stress and the dangers associated therewith; and,

    f. Failing to properly monitor MSC to ensure that its safety program was being fully and adequately executed;

24. As a direct and proximate result of AK Steel's actions and omissions, on and before September 3, 2018, Mr. Stiles experienced pre-death pain, suffering, impairment, and mental anguish, and the Estate of Timothy Lee Stiles and its beneficiaries suffered losses as set forth in West Virginia's Wrongful Death Act, West Virginia Code § 55-7-6(c)(1) and (2).

## COUNT V
### (Loss of Consortium – All Defendants)

25. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 24 of this Complaint as if set forth herein verbatim.

26. As a further direct and proximate result of the conduct and actions of the Defendants as described herein, plaintiff Michele N. Stiles has been deprived of the society, companionship and consortium of her husband, Timothy Lee Stiles.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, jointly and severally, for:

   a. an amount of compensatory damages determined by a jury according to the laws of the State of West Virginia;

   b. an amount of punitive damages determined by a jury according to the laws of the State of West Virginia;

   c. costs and attorney fees expended in prosecution of this matter;

   d. pre-judgment and post-judgment interest as provided under the law; and

   e. any and all other relief to which the Court deems plaintiff is entitled.

**PLAINTIFF DEMANDS A JURY TRIAL ON THE ISSUES OF LIABILITY AND DAMAGES. PLAINTIFF DEMANDS A BIFURCATED JURY PROCEEDING ON THE ISSUE OF WORKERS' COMPENSATION OFFSET.**

> MICHELE N. STILES, individually and
> as Administratrix of the
> ESTATE OF TIMOTHY LEE STILES,

By Counsel,

*/s/ Timothy C. Bailey*
Timothy C. Bailey (WV State Bar # 5839)
J. Ryan Stewart (WV State Bar #10796)
David A. Bosak (WV State Bar # 11947)
BAILEY, JAVINS & CARTER, LC
213 Hale Street (zip 25301)
Post Office Box 3712
Charleston, WV  25337-3712
(304) 345-0346 (T) / (304) 345-0375 (F)
TBailey@bjc4u.com
RStewart@bjc4u.com
DBosak@bjc4u.com

and

Christopher J. Wallace (WV State Bar # 7807)
The Wallace Firm, PLLC
3350 Pennsylvania Avenue, Suite B
Post Office Box 2100
Weirton, West Virginia 26062
cwallace@wallace-firm.com